IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:14-CR-293-M |
| | § | |
| DAPHENY ELAINE FAIN (03) | § | |

DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION
UNDER RULE 16 AND *BRADY V. MARYLAND*
AND BRIEF IN SUPPORT

COMES NOW the Defendant, DAPHENY FAIN, and pursuant to Rule 16(A)(1) of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), moves the Court for discovery and inspection as specified below. The items specifically requested have a critical bearing on Ms. Fain's defense. After meetings about discovery and document availability between defense counsel and prosecutors, counsel for Ms. Fain has no way to know when or if these requested items will be produced. Counsel for Ms. Fain cannot effectively represent her without seeking diligently to obtain the information sought herein. Each Defendant, including Ms. Fain, is accused of crimes in different, unique ways. Counsel for Ms. Fain has a need of the specific items requested in order to conduct other defense work, and thus has the need to file this Motion.

MATERIALS REQUESTED

1. The substance of any relevant oral statements made by the Defendant in response to interrogation by government agents that the government intends to use at trial and any audio recordings or handwritten notes memorializing or summarizing such statements;

---

DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION -Page 1

2. Specifically, each and every oral statement made by the Defendant to federal agents Donald B. Sherman and Allen Wilson (or to anyone else, but heard by Sherman and Wilson on June 27, 2011) during the June 27, 2011 search warrant execution at her place of employment, other than the precise words attributed to the Defendant in the FBI 302 transcribed on July 4, 2011 and those previously provided to undersigned counsel;

3. All other oral statements by Defendant that the government intends to offer in evidence at trial either to prove the allegations in Count Eight or to prove the false statement allegations in Count Thirteen of the Indictment;

4. All oral statements made by Defendant when she appeared before a federal grand jury on July 19, 2011 pursuant to a subpoena for documents, and any notes taken by a United States Attorney or other agent for the government in connection with Defendant's 2011 grand jury appearance;

5. All oral statements made by Defendant to when she testified before a federal grand jury on April 5, 2010, other than the testimony contained in the transcript provided to undersigned counsel, and any notes taken by a United States Attorney or other agent for the government in connection with Defendant's 2010 grand jury appearance;

6. All oral statements made by Defendant to people other than an agent for the government and reduced to writing or recording, if the statement is in the possession, custody or control of the government and the attorney for the government knows or through reasonable diligence could know that the statement exists. For example, the government may be in possession of memoranda of interview of containing statements made by Defendant to third parties who are potential witnesses in this case.

## BRIEF IN SUPPORT

**A.** *Brady*

The settled principles of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Banks v. Dretke*, 540 U.S. 668 (2004), instruct that the government may not suppress evidence favorable to

a defendant either as direct or impeaching evidence. All documents and information which are favorable to the defendant must be provided to the defense. Favorable evidence includes that which is exculpatory as well as that which may lead to favorable evidence.

Courts have noted that the test is not whether the government attorneys believe the information is true or favorable to the defense. Rather, it is whether the material "could fairly be construed as favorable to the defendant and material to the issue of guilt or punishment…" *United States v. Partin*, 320 F. Supp. 285 (E.D. La. 1970), or demonstrating bias or otherwise useful for impeachment. *Giglio*, 405 U.S. 150. Doubts as to whether certain items of evidence or types of information could be construed in the defense's favor should be resolved in favor of their production to the defense. *United States v. Perkins*, 383 F. Supp. 922, 930 (N.D. Ohio 1974). Since material containing leads to possible exculpatory evidence must also be produced under Brady, the evidence itself need not be admissible at trial.

Furthermore, given the prodigious volume of discovery in this case, the government should discharge its *Brady* obligations by providing the information to counsel as separate *Brady* material production and should not claim that its obligations are discharged by the provision of discovery generally.

All information relating to the credibility of a witness or complainant must be provided to the Defendant. *Bagley*, 473 U.S. 667. This includes prior contrary statements. *See, e.g.*, *Strickler v. Greene,* U.S. 263, 281 (1999), *Kyles v. Whitley*, 514 U.S. at 441-43, *Lindsey v. King*, 769 F.2d 1034, 1040 (5th Cir. 1985); *United States v. Enright*, 579 F.2d 980, 989 (6th Cir. 1978). Under Rule 608(b) of the Fed. R. Evid., the court has discretion

to permit a defendant to cross-examine a witness as to specific instances of misconduct -- so called bad acts. The purpose of such testimony is specifically to attack the witness' character; therefore, the government should be ordered to disclose to the defense any behavior of government witnesses or complainants that might arguably constitute such bad acts.

Similarly, the government has an obligation to disclose any and all consideration which is held out to a witness, or which the witness objectively hopes for or anticipates. *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977). See also, *United States v. Barham*, 595 F.2d 231, 243 (5th Cir. 1979) (the defendant is "entitled to a jury that, before deciding which story to credit, was truthfully apprised of any possible interest of any Government witness in testifying falsely") (emphasis added); *Banks v. Dretke*, 540 U.S. at 694; *United States v. Bagley*, 473 U.S. at 669-676.

A defendant is also entitled to be advised of any matter which might cause a witness to color his testimony in favor of the government out of fear or self-interest. Thus, the government must disclose both the stick and the carrot. *United States v. Sutton*, 542 F.2d 1239 (4th Cir. 1976). *United States v. Antone*, 603 F.3d 566, 569 (5th Cir. 1979). *Giglio*, 405 U.S. at 153-145. *Napue v. Illinois*, 360 U.S. 264, 270 (1959); *United States v. Scheer*, 168 F.3d 445 (11th Cir. 1999). If the government possesses any information which might reveal that anyone became a witness in this case because of any pressure applied to him by any other federal law enforcement or regulatory body, the government should be required to disclose this information.

B. Rule 16

"Since Rule 16(b) clearly permits discovery more broadly than due process requires, in doubtful cases courts should grant discovery sought under the rule and thus avoid the constitutional question. Liberality in passing on discovery motions under this rule also would be consistent with the Supreme Court's recognition that 'disclosure, rather [than] suppression, of relevant materials ordinarily promotes the proper administration of criminal justice.'" *United States v. White*, 450 F.2d 264 (5th Cir. Ga. 1971) (quoting *Dennis v. United States*, 384 U.S. 855, 869 (1966)).

This request is intended to enable Defendant to obtain, prior to trial, any of her own statements relevant to the crimes charged so that she will be able to prepare properly to face the evidence that may be introduced against her at trial. Such discovery is especially vital with respect to the false statement charge, Count Thirteen of the Indictment. Because this type of charge requires nuanced analysis of the precise language used by a defendant in a given alleged false statement and the context it was made in, disclosure of all versions and interpretations of Defendant's alleged false statements is essential to the preparation of her defense.

Defendant makes this request in good faith. The above materials, if they exist, would be in the exclusive possession, custody, and control of the government and the Defendant has no other means of obtaining the disclosures requested. The items are material to this case on the issues of guilt and punishment to be determined. Moreover, the Defendant cannot safely go to trial without such information, nor can she adequately prepare to answer the charges against her. Finally, absent such discovery, the Defendant's rights under the

Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution will be violated and thus deprive her of a fair trial.

THEREFORE, the Defendant respectfully requests that the Court grant this Motion and order the government to make the specific discovery disclosures detailed above, or, in the alternative, set this matter for a hearing and after such hearing grant this Motion.

Respectfully submitted,

/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.
State Bar No. 14167500
MILLS & WILLIAMS, L.L.P.
5910 N. Central Expressway, Suite 980
Dallas, Texas 75206-5141
Phone (214) 265-9265
Fax (214) 363-3167
tmills@millsandwilliams.com


*Marlo P. Cadeddu*
Law Office of Marlo P. Cadeddu
3232 McKinney Ave., Suite 700
Dallas, Texas 75204
214.220.9000
214.744.3015 (f)
Cadeddulaw@sbcglobal.net

ATTORNEYS FOR DEFENDANT


CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2016, I electronically filed the foregoing document using the Northern District of Texas's electronic filing system (ECF) which will send a notice of filing to all counsel of record.

/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.

___

CERTIFICATE OF CONFERENCE

I hereby certify that on March 28, 2016 I conferred with the counsel for the government, Walt Junker, and he stated: "the government will file a written response detailing its position on your motion."

/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.